# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LOMBARDO, | ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 05-717-JLF ) |
| SUZANNE R. HASTINGS, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Petitioner, currently an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge a disciplinary proceeding in which he lost 41 days of good conduct credit.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

While he was incarcerated in the Federal Correctional Institution in Pekin, Illinois, Petitioner received a disciplinary ticket for possession of contraband. According to the exhibits, a routine

urinalysis tested positive for phenobarbitol.  Petitioner claims that the urine test was incorrect, that the results must have been switched with that of another inmate, and that he should have been granted a blood test to contradict the urinalysis.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest.  *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal.  418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).  Petitioner makes no claim that he was deprived of any of the procedural protections required by *Wolff*.  Instead, he contests the validity of the urinalysis, but the Supreme Court has also held that due process requires only that the findings of the disciplinary tribunal must be supported by some evidence in the record.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.

The exhibits submitted with the petition clearly indicate a reliable basis for the finding of guilt – the results of the urinalysis, along with a verified chain of custody regarding the urine sample.  Therefore, the Court finds that Petitioner was not deprived of any of his constitutionally

protected rights to due process in this situation.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now **MOOT**.

**IT IS SO ORDERED.**
**DATED: October 19, 2006.**

                                            **s/ James L. Foreman**
                                              **DISTRICT JUDGE**